(25 Misc. Rep. 661.)

### SAALFIELD v. CUTTING.

(Supreme Court, Special Term, New York County. December, 1898.)

1. BILL OF PARTICULARS.
    Motion by defendant for bill of particulars is premature, he not having answered, and it not being necessary for framing an answer, though it may be for preparing a defense.
2. COMPLAINT—MOTION TO MAKE MORE DEFINITE.
    Motion to make complaint more definite and certain will be granted, it alleging that plaintiff, at request of defendant, did certain work in and about the promoting "and" sale of certain land; that he performed all the conditions required of him, and that defendant prevented him from completing the negotiations; and that the fair and reasonable value of the services rendered was a certain sum; and also that, by reason of the premises, including refusal of defendant to permit plaintiff to fully earn his agreed compensation, plaintiff was damaged in a like sum.

Action by Richard A. Saalfield against William Bayard Cutting. Defendant moves for bill of particulars, and that the complaint be made more definite and certain. Granted in part.

Weil, Wolf & Kramer, for plaintiff.
Zabriskie, Burrill & Murray, for defendant.

SCOTT, J. The defendant has not yet answered, and, while a bill of particulars may be necessary to enable him to properly prepare his defense, it is not made apparent that it is necessary to enable him to frame an answer. The motion, in so far as it asks for a bill of particulars, is therefore premature, and must be denied. Paper Co. v. West, 3 App. Div. 451, 38 N. Y. Supp. 229; Indemnity Co. v. Bondy, 17 App. Div. 329, 45 N. Y. Supp. 267. It may be renewed after issue has been joined. So far as the defendant asks that the complaint be made more definite and certain, I think the application should be

granted. It would be difficult to frame a complaint more indefinite and general in its terms than the one now under review. It alleges that the plaintiff, at the special instance and request of defendant, did certain work and performed certain services in and about the promoting and sale of certain real estate. Just what is meant by promoting the real estate I do not understand. If plaintiff had alleged that his employment was to promote the sale, it would be comprehensible, but such is not the allegation. It is that plaintiff was employed in and about the promoting "and" sale of the property. The complaint then alleges in one paragraph that the plaintiff performed all the conditions required of him, and in another that the defendant prevented him from completing the negotiations; so that it is not made clear whether the action is for compensation for a contract performed or for damages by reason of defendant's refusal to permit plaintiff to perform. So, also, it is alleged that the fair and reasonable value of the services rendered was a certain sum, and also that by reason of "the premises," including the refusal of the defendant to permit the plaintiff to fully earn his agreed compensation, the plaintiff "was damaged" in a like large sum. The complaint should be made more definite and certain by alleging in substance, if not in exact terms, what the agreement as to services to be rendered by plaintiff was. It should further show clearly whether the plaintiff intends to claim that he performed the required services, and therefore is entitled to the agreed compensation, or that he was prevented by defendant from fully performing his agreement, and is entitled to damages by reason of not having been permitted so to perform, and thus to earn such agreed compensation. The motion will be denied, on the ground that it is premature, so far as it asks for a bill of particulars, and will be granted to the extent indicated in this memorandum, so far as it asks that the complaint be made more definite and certain. No cost to either party.

Ordered accordingly.